Filed 7/13/21 P. v. Hulbert CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. REUEL HULBERT, Defendant and Appellant. | B305259 (Los Angeles County Super. Ct. No. NA067335) |

APPEAL from an order of the Superior Court of Los Angeles County, Jesus I. Rodriguez, Judge. Affirmed.

Boyce & Schaefer, Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Charles S. Lee and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

--------

Defendant and appellant Reuel Hulbert appeals from the trial court's postjudgment order denying his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437).  Section 1170.95 provides for vacatur of a murder conviction obtained under either the natural and probable consequences doctrine or, under certain circumstances, the felony murder theory of liability.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Hulbert contends the trial court erred by denying his petition without first appointing counsel, ordering briefing, and issuing an order to show cause.  Relying on *People v. Cooper* (2020) 54 Cal.App.5th 106 (*Cooper*), Hulbert argues that he met his burden of making a prima facie showing that he falls within the provisions of section 1170.95, subdivision (c), by filing a facially sufficient petition, and that he is entitled to counsel, briefing, and a hearing.

We affirm the trial court's order.

--------

[1] All further statutory references are to the Penal Code unless otherwise indicated.

### *Convictions and Sentencing*

The jury found Hulbert guilty of the attempted murder of Shannon Cole (§§ 664, 187, subd. (a) [count 5]), and found true the allegation that Hulbert caused great bodily injury to Cole by personally discharging a handgun (§ 12022.53, subd.(d)).  The jury also found Hulbert guilty of the first degree murders of Daniel Chantha (count 8), Woodtee Bunthung (count 10), and Sakorn Phan (count 11).  (§ 187, subd. (a).)  It found true the allegations that Hulbert personally discharged a handgun causing the deaths in counts 8, 10, and 11 (§ 12022.53, subd. (d)), and found true that the crimes were committed to benefit a criminal street gang (§ 186.22, subd. (b)).  Hulbert was found guilty of being a felon in possession of a firearm (§ 12021, subd. (a) [count 12]), and the jury found true that the crime was committed to benefit a criminal street gang (§ 186.22, subd. (b)).

Because the three murders were alleged as special circumstances under section 190.2, subdivision (a), a separate penalty phase trial was held in which the jury fixed the penalty at life without the possibility of parole.  The trial court imposed sentences of life without parole for the murders, plus the 25-year enhancement for personal firearm use causing death and the 10-

---

[2] We have taken judicial notice of this court's prior unpublished opinion in *People v. Hulbert* (Jul. 29, 2010, B213895) (*Hulbert*), from which the procedural history prior to Hulbert's filing of his section 1170.95 petition is drawn.  We do not set forth the facts of the crimes, as they are not necessary to resolution of the issues before us.

year gang enhancement on each.  For the attempted murder, Hulbert received a consecutive term of 15 years to life, enhanced by the 25-year enhancement for personal firearm use with great bodily injury.  The court imposed a concurrent middle term sentence of 2 years for the firearm possession offense with a consecutive 10-year gang enhancement.

### *Appeal*

On appeal, Hulbert argued insufficient evidence, jury tampering, and sentencing error.  Another panel of this court remanded the cause for the trial court to correct various sentencing errors and to correct the abstract of judgment, but otherwise affirmed the judgment.

### *Petition for Resentencing*

On May 1, 2019, Hulbert filed a petition for vacatur of the attempted murder and murder convictions and resentencing under section 1170.95.  He utilized a standardized form, and indicated that he was convicted of first or second degree murder under the felony murder doctrine or the natural and probable consequences doctrine and could not now be convicted of murder due to the changes to sections 188 and 189, effective January 1, 2019.  He requested that counsel be appointed to him.

### *Trial Court's Ruling*

At a hearing on January 31, 2020, the trial court ruled that the record of conviction, and the verdict forms in particular,

established that Hulbert had failed to make a prima facie case of eligibility. The court elaborated that one of the convictions challenged was an attempted murder, and that the jury found true the personal gun use allegations with respect to all three murders pursuant to section 12022.53, subdivision (d).

Hulbert timely appealed.

## DISCUSSION

Hulbert's sole argument on appeal[3] is that this court should follow the opinion of the Court of Appeal, First Appellate District, Division One in *Cooper*, *supra*, 54 Cal.App.5th 106, and hold that the trial court was obligated to appoint counsel and order briefing because he filed a facially sufficient petition that satisfied the requirements of section 1170.95, subdivision (b)(1).[4]

---

[3] Hulbert also asserts that "[i]n light of the allegations in the petition, and the rule requiring the superior to take them as true[,]" the court should have issued an order to show cause. He cites to no authority for this proposition and makes no substantive argument to support it, so we decline to address it further. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

[4] Section 1170.95, subdivision (b)(1), requires the petitioner to file a petition containing "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). (B) The superior court case number and year of the petitioner's conviction. (C) Whether the petitioner requests the appointment of counsel."

5

Preliminarily, we note that the record shows that Hulbert was represented by appointed counsel at the hearing in which the trial court denied the petition. Hulbert cannot complain that counsel was not appointed. His only potential argument is that the trial court did not consider briefing from the parties.

The questions of whether the trial court may review the record of conviction and when the right to appointment of counsel attaches are currently before the Supreme Court. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) As Hulbert acknowledges, with the exception of *Cooper*, *supra*, 54 Cal.App.5th 106, at page 109, all appellate courts to consider these issues, including this court, have held that the trial court may consider the record of conviction when determining whether the petitioner falls within the provisions of section 1170.95, and that the trial court is not required to appoint

Subdivision (a) provides "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

6

counsel or order briefing where the record of conviction establishes that the petitioner is ineligible for relief as a matter of law.  (*See*, *e.g.*, *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [jury verdict necessarily encompassed jury finding that petitioner was actual killer]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332–333, review granted Mar. 18, 2020, S260493 [prior appellate court opinion established petitioner acted with express malice]; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178 [trial court may consider record of conviction, but jury's true finding on a robbery murder special circumstance does not preclude relief under all circumstances].)  Hulbert offers no argument that persuades us to reconsider our position.

Although Hulbert does not argue that his petition is meritorious, a trial court's denial of the petition is inappropriate at this stage unless the petitioner is ineligible for relief as a matter of law, so it is necessary to address the merits.  We "'review the ruling, not the court's reasoning, and if the ruling was correct on any ground, we affirm.'"  (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)  We conclude that Hulbert is not eligible for relief as a matter of law, and affirm the trial court's denial of his petition for resentencing under section 1170.95.

To the extent that Hulbert is petitioning for resentencing with respect to his attempted murder conviction,[5] Senate Bill 1437, including the petitioning procedure codified in section 1170.95, authorizes relief only for defendants convicted of

---

[5] In the opening brief, Hulbert stated that he petitioned for resentencing with respect to his convictions for murder and attempted murder in the trial court.  He does not make any arguments specific to the attempted murder.

murder, not attempted murder, and that limitation does not contravene constitutional equal protection guarantees. (*People v. Harris* (2021) 60 Cal.App.5th 557, 566, review granted Apr. 21, 2021, S267529; *People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222–225; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753–769, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103–1112, review granted Nov. 13, 2019, S258175.)

With respect to the murder convictions, to be eligible for resentencing, Hulbert was required to show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" made by Senate Bill 1437. (§ 1170.95, subd. (a)(3).) The record of conviction conclusively demonstrates that Hulbert cannot make such a showing. "[P]otential relief under section 1170.95 extends only to those convicted of murder by operation of the natural and probable consequence doctrine or of felony murder. [Citation.]" (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939; see also *People v. Lee* (2020) 49 Cal.App.5th 254, 263–265, review granted July 15, 2020, S262459.) The jury was not instructed on either the natural and probable consequences doctrine or the felony-murder rule; therefore, Hulbert could not have been convicted based on either of these theories. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481 [where jury instructions showed petitioner was not convicted under felony-murder rule or natural and probable consequences

theory, he could not meet the statutory prerequisites for resentencing under § 1170.95].)

## DISPOSITION

We affirm the trial court's order denying Hulbert's petition for resentencing under section 1170.95.


MOOR, J.

We concur:


BAKER, Acting P. J.


KIM, J.

9